**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN BOYAKYAN,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-125<br><br>Agency No.  A200-243-660<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023[**]
San Francisco, California

Before:  SILER[***], NGUYEN, and R. NELSON, Circuit Judges.

Petitioner Karen Boyakyan, a citizen of Armenia, petitions for review of a

decision by the Board of Immigration Appeals (BIA) dismissing his appeal from a

decision of an Immigration Judge (IJ) denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision
without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

[***]   The Honorable Eugene E. Siler, United States Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

(CAT). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. Petitioner entered the United States in September 2000, and he did not file his asylum application until July 18, 2012. Petitioner's asylum application was thus untimely. *See* 8 U.S.C. § 1158(a)(2)(B). Substantial evidence supports the BIA's determination that Petitioner failed to establish "extraordinary or changed circumstances" that excused his untimely application. Petitioner provided only vague testimony about why his asylum application was delayed and supplied no corroborating evidence. We agree with the BIA that Petitioner failed to present facts demonstrating "extraordinary or changed circumstances" that would excuse Petitioner's filing delay. *See* 8 U.S.C. § 1158(a)(2)(D); *Gasparyan v. Holder*, 707 F.3d 1130, 1135 (9th Cir. 2013).

2. Petitioner failed to challenge the BIA's determination that he did not establish a "nexus" between his claimed persecution and a statutorily protected ground. A "nexus," however, is needed to establish both an asylum claim, 8 U.S.C. § 1101(a)(42)(A), and a withholding of removal claim, 8 U.S.C. §

1231(b)(3). *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) ("a risk of persecution on account of his membership in the specified particular social group" is known as the nexus requirement). Petitioner thus waives this "nexus" argument, and both his asylum and withholding of removal claims fail. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (refusing to address an argument that the petitioner did not "specifically and distinctly" argue in his opening brief).

3. Petitioner also failed to challenge the BIA's determination that he was not eligible for protection under CAT. Petitioner states in his brief that he has met his burden to show he would be tortured but does not connect this assertion to either the facts or the law. Petitioner thus waives any argument about his CAT claim. *See Hernandez*, 47 F.4th at 916. His CAT claim thus fails.

**DENIED**.